**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| John Doe | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:25-cv-10740 |
| | ) | |
| The Individuals, Corporations, Limited | ) | |
| Liability Companies, Partnerships, and | ) | |
| Unincorporated Associations Identified | ) | |
| In Schedule "A" Hereto, | ) | |
| | ) | |
| Defendants. | ) | |

## STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

IT IS HEREBY AGREED by Plaintiff in the above captioned action and non-party TikTok

Inc. ("TTI") that the following protective order ("Order") shall govern disclosures from TTI in the

above-captioned case. Accordingly, it is ORDERED:

**1.      Scope.** Plaintiff ("ISSUING PARTY") served a subpoena upon TTI ("Subpoena")

requesting documents and/or information, and TTI agreed to produce to the ISSUING PARTY

certain documents responsive to the Subpoena subject to the terms and protections set forth in this

Order. All documents[1] produced by TTI in response to the Subpoena and information derived

directly and/or indirectly therefrom (collectively, "RESPONSIVE DOCUMENT(S)"), shall be

subject to this Protective Order concerning confidential information as set forth below. The Order

is subject to federal law on matters of procedure and calculation of time periods.

---

[1] The term "documents" means all documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as provided in Federal Rule of Civil Procedure 34.

2.      **Form and Timing of Designation.** Since the RESPONSIVE DOCUMENTS to be produced by TTI may include highly sensitive trade secrets, personally identifiable information ("PII"), or other highly sensitive competitive, proprietary or confidential information, where disclosure to another party could or would result in demonstrable harm to TTI or another person or entity, TTI may designate RESPONSIVE DOCUMENTS as confidential consistent with the terms of this Order. TTI may designate RESPONSIVE DOCUMENTS as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the RESPONSIVE DOCUMENTS in a manner that will not interfere with the legibility of the RESPONSIVE DOCUMENTS. RESPONSIVE DOCUMENTS shall be designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" prior to or at the time of production or disclosure of a RESPONSIVE DOCUMENT. The designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" does not mean that a RESPONSIVE DOCUMENT has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. TTI reserves the right to re-designate and/or add a designation to the documents after producing them.

3.      **RESPONSIVE DOCUMENTS That May Be Designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."** TTI may designate RESPONSIVE DOCUMENTS as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" upon making a good faith determination that the RESPONSIVE DOCUMENTS contain information protected from disclosure by statute or that should be protected from disclosure as PII, trade secrets, proprietary information, or such other sensitive and confidential information that is not publicly available.

4.      **Depositions.** Portions of deposition testimony shall be deemed "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if any RESPONSIVE DOCUMENT marked as

2

"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" is used as an exhibit during the deposition or the confidential contents of such RESPONSIVE DOCUMENT are discussed during the deposition. Such designations may be made while on the record at the deposition or by promptly notifying the parties and those who were present at the deposition within 30 days after receipt of the final deposition transcript. If the confidential information contained within the RESPONSIVE DOCUMENTS can be redacted so as to cause the RESPONSIVE DOCUMENTS to no longer require the "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" designation, then the RESPONSIVE DOCUMENTS and portions of deposition testimony without confidential information shall not be deemed "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." If RESPONSIVE DOCUMENTS and/or information from RESPONSIVE DOCUMENTS produced by TTI are used during a deposition, the Party that introduced such evidence must provide TTI written notice of its use and a copy of the final deposition transcript within seven days of receipt. TTI reserves the right to reasonably designate deposition testimony or portions thereof as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" based on a good faith determination that the subject matter refers to confidential TTI information.

     **5.**       **Protection of Confidential Material.**

        **(a)**      **General Protections.** All RESPONSIVE DOCUMENTS produced in response to the Subpoena, including those designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this Order, may be used solely for the preparation, trial, and any appeal of this action, as well as related settlement negotiations, and for no other purpose, without the written consent of TTI. No designated information may be disclosed to any person except in accordance with the terms of this Order. All persons in possession of designated information agree to exercise reasonable care with regard to the custody, use, or storage of such information to ensure

that its confidentiality is maintained. This obligation includes, but is not limited to, providing TTI notice of the receipt of any subpoena that seeks production or disclosure of any designated information within seven (7) days of receipt and consulting with TTI before responding to the subpoena. Any use or disclosure of information in violation of the terms of this Order may subject the disclosing person or party to sanctions.

(b) **Access to "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" Information.** The parties and counsel for the parties shall not disclose or permit the disclosure of any RESPONSIVE DOCUMENTS, including those designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER", to any third person or entity except as set forth in subparagraphs (1)-(8) below. Subject to these requirements, the following categories of persons may be allowed to review RESPONSIVE DOCUMENTS, including those that have been designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER":

(1) **Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation, trial, and/or appeal of this action;

(2) **Parties.** Parties and employees of a party to this Order;

(3) **Court Reporters and Video/Audio Recorders.** Court reporters and any person engaged to record audio and/or video for depositions in this action;

(4) **Consultants, Investigators, and Experts.** Consultants, investigators, or experts (collectively, "Experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action, but only after such persons have completed the

certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

**(5)** **Witnesses and Deponents.** Individuals who are witnesses and/or who are deposed in this action, but only if disclosure is reasonably necessary and to the extent the "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" information was authored by or addressed to the person or such person is established as knowledgeable of the information prior to its disclosure;

**(6)** **Litigation Vendors.** Vendors who are hired to assist counsel and/or the parties with the litigation of the above-captioned case, including making photocopies of or organizing RESPONSIVE DOCUMENTS and/or exhibits in this matter, processing electronically stored documents, or other services solely related to this lawsuit;

**(7)** **The Court and Court Personnel.** The Court, staff, and others employed as personnel of the Court; and

**(8)** **Others by Consent.** Other persons only by written consent of TTI or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certificate contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**(c)** **Control of RESPONSIVE DOCUMENTS.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of RESPONSIVE

DOCUMENTS, including but not limited to confidential information contained in documents designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one (1) month after dismissal of the action, settlement, entry of final judgment, and/or the conclusion of any appeals arising therefrom.

        **(d)**     **Duplicate.** Prior to production of a RESPONSIVE DOCUMENT to another party of the litigation or other individual identified above in Section 5(b) ("RECEIVING PARTY"), all copies, electronic images, duplicates, extracts, summaries, or descriptions (collectively, "duplicates")[2] of RESPONSIVE DOCUMENTS designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this Order, or any individual portion of such a RESPONSIVE DOCUMENT, shall be affixed with the appropriate designation of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if the applicable designation does not already appear on the duplicate. All such duplicates shall thereafter be entitled to the protection of this Order. The term "duplicates" shall not include indices, electronic databases, or lists of RESPONSIVE DOCUMENTS, provided these indices, electronic databases, or lists do not contain substantial portions or images of the text of confidential information contained within the RESPONSIVE DOCUMENTS or otherwise disclose the substance of the confidential information contained in those RESPONSIVE DOCUMENTS.

      **6.**     **Claw-Back Requests**

        **(a)**     **Failure to Make Designation.** If at any time, TTI discovers that it produced or disclosed protected information without designation, it may promptly notify the RECEIVING

---

[2] The term "duplicate" means "a counterpart produced by a mechanical, photographic, chemical, electronic, or other equivalent process or technique that accurately reproduces the original," as defined by Federal Rule of Evidence 1001.

PARTY and identify with particularity the information to be designated and the level of designation ("Claw-back notification"). The RECEIVING PARTY may then request substitute production of the newly-designated information. Within 30 days of receiving the Claw-back notification, the RECEIVING PARTY must (1) certify to the designating party it has appropriately marked or, if substitute production has been requested, destroyed all unmarked copies that it received, made, and/or distributed; and (2) if it was practicably unable to mark or destroy any information because disclosures occurred while the RECEIVING PARTY was under no duty of confidentiality under the terms of this Order regarding that information, the RECEIVING PARTY must reasonably provide as much information as practicable to aid the designating party in protecting the information, consistent with the RECEIVING PARTY's attorney-client, work product, and/or trial preparation privileges.

(b) **Inadvertent Production of Privileged Information.** If at any time, a party or non-party discovers it produced or received information that it reasonably believes is subject to protection under the attorney-client, work product, trial preparation or other applicable privileges, then it must promptly notify each other party of the claim for protection, the basis for it, amend its privilege log accordingly, and comply with federal law. Whenever possible, the producing party must produce substitute information that redacts the information subject to the claimed protection. The RECEIVING PARTY must thereupon comply with federal law and its ethical obligations under the Model Rules of Professional Conduct as to the information subject to the claimed protection.

7. **Filing of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" RESPONSIVE DOCUMENTS under Seal.** Absent a statute or an order of this Court, RESPONSIVE DOCUMENTS may not be filed under seal. To the extent a brief, memorandum,

pleading, or any other filings with the Court reference any RESPONSIVE DOCUMENT marked as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," then the brief, memorandum, pleading, or other filing shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information. If, however, the confidential information must be intertwined with the text of the brief, memorandum, pleading, or other filing, a party must timely move the Court for leave to file a redacted version for the public docket and unredacted version under seal. Any party that files a document produced by TTI that is marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" must provide TTI written notice of its filing on the same day.

Absent a Court-granted exception based upon extraordinary circumstances, any and all filings made under seal shall reference this Stipulated Protective Order or other relevant authorizing order. If both redacted and unredacted versions are being submitted for filing, each version shall be clearly named so there is no confusion as to why there are two entries on the docket for the same filing.

If a document is not being filed electronically, a sealed filing shall be placed in a sealed envelope marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." The sealed envelope shall display the case name and number, a designation as to what the RESPONSIVE DOCUMENT is, the name of the party on whose behalf it is submitted, and the name of the attorney who has filed the sealed RESPONSIVE DOCUMENT. A copy of this Stipulated Protective Order, or other relevant authorizing order, shall be included in the sealed envelope.

**8. Challenges by a Party to Designation as "Confidential."** Any "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" designation is subject to challenge by any party or non-party with standing to object. Before filing any motions or objections to a

confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort with the party or non-party that designated the document(s) to resolve the objection by agreement. If agreement is reached confirming or waiving the "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" designation as to any RESPONSIVE DOCUMENTS subject to the objection, the designating party shall serve on all parties a written notice specifying the RESPONSIVE DOCUMENTS and the nature of the agreement.

9. **Action by the Court.** Applications to the Court for an order relating to any RESPONSIVE DOCUMENTS designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be by motion, with the producing party retaining the burden of establishing good cause. Nothing in this Order, or any action or agreement of a party under this Order, releases any party from his/her/its obligations under the applicable law or limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any RESPONSIVE DOCUMENTS produced or used in discovery or at trial.

10. **Use of Confidential RESPONSIVE DOCUMENTS or Information at Trial.** If a party intends to present at trial "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" RESPONSIVE DOCUMENTS or information derived therefrom, such party shall provide advance notice to the producing party at least five (5) days before the commencement of trial by identifying the RESPONSIVE DOCUMENTS or information at issue as specifically as possible (*e.g.*, by Bates number, page range, deposition transcript lines, etc.). If any party seeks to use deposition testimony or other information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" as rebuttal evidence or for impeachment purposes, the party seeking to use such information shall, as soon as reasonably practical, without divulging the information to any third parties, notify the Court and the producing party of its intent to use such information.

The Court may thereafter make such orders as are necessary to govern the use of such RESPONSIVE DOCUMENTS or information at trial.

11. **Right to Assert Other Objections.** By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any RESPONSIVE DOCUMENTS or information. Similarly, no Party waives any right to object on any ground to the use in evidence of any RESPONSIVE DOCUMENTS or information covered by this Protective Order.

12. **Obligations on Conclusion of Litigation.**

(a) **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Destruction of "CONFIDENTIAL" RESPONSIVE DOCUMENTS.** Within 60-days after dismissal, settlement, or entry of final judgment not subject to further appeal, all RESPONSIVE DOCUMENTS treated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this Order, including duplicates as defined herein, shall be destroyed, unless the RESPONSIVE DOCUMENT has been offered into evidence, introduced as an exhibit at a deposition, or filed without restriction as to disclosure. Notwithstanding the above requirements to destroy RESPONSIVE DOCUMENTS, counsel may retain attorney work product, including an index that refers or relates to information designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential RESPONSIVE DOCUMENTS. This work product shall continue to be "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use

10

does not disclose or use "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" RESPONSIVE DOCUMENTS or information.

(c)     **Return of RESPONSIVE DOCUMENTS Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy RESPONSIVE DOCUMENTS filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

13.     **Order Subject to Modification.** This Order shall be subject to modification by motion of a party or any other person with standing concerning the subject matter.

14.     **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any RESPONSIVE DOCUMENTS or information designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by counsel or the parties is subject to protection under federal law or otherwise until such time as the Court may rule on a specific RESPONSIVE DOCUMENT or issue.

15.     **Persons Bound.** This Order shall take effect when entered and is binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

IT IS SO ORDERED.

Date:  10/6/2025          Hon.  _Charles P. Kocoras_____

Date:   October 2, 2025                    Respectfully submitted,


                                           *s/Joshua H. Sheskin*
                                           Joshua H. Sheskin (FL. Bar No. 93028)
                                           **BAYRAMOGLU LAW OFFICES LLC**
                                           1540 West Warm Springs Road, Ste. 100
                                           Henderson, NV 89014
                                           Tel: (702) 462-5973 | Fax: (702) 553-3404
                                           Joshua@bayramoglu-legal.com


                                           */s/ Bryan D. Pasciak*
                                           Bryan D. Pasciak
                                           Faegre Drinker Biddle & Reath LLP
                                           320 S. Canal Street, Suite 3300
                                           312-356-5037
                                           bryan.pasciak@faegredrinker.com

                                           *Counsel for Non-Party TikTok Inc.*

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| John Doe | ) | |
| | ) | |
|      Plaintiff, | ) | |
| | ) | |
|      v. | ) | Civil Action No. 1:25-cv-10740 |
| | ) | |
| The Individuals, Corporations, Limited | ) | |
| Liability Companies, Partnerships, and | ) | |
| Unincorporated Associations Identified | ) | |
| In Schedule "A" Hereto, | ) | |
| | ) | |
|      Defendants. | ) | |

## ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Stipulated Confidentiality and Protective Order filed in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the Northern District of Illinois in matters relating to the Stipulated Confidentiality and Protective Order and understands that the terms of the Stipulated Confidentiality and Protective Order obligate him/her to use RESPONSIVE DOCUMENTS designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" in accordance with the Order solely for the purposes of the above-captioned action and not to disclose any such RESPONSIVE DOCUMENTS or information derived directly therefrom with any other person, firm, or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

13

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____     Signature: _____