IN THE UNITED STATES DISTRICT
COURT NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | |
|---|---|
| Michael Barcohana,<br><br>      Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A" HERETO,<br><br>      Defendants. | Case No. 1:25-cv-10740-CPK-MDW<br><br>Honorable Charles P. Kocoras<br><br>Magistrate M. David Weisman |

## ORDER FOR PRELIMINARY INJUNCTION

THIS CAUSE being before the Court on Plaintiff, Michael Barcohana, initially identified as John Doe, ("Plaintiff") Motion for Entry of Preliminary Injunction ("Motion") and this Court having heard the evidence before it, hereby GRANTS Plaintiff's Motion for Entry of a Preliminary Injunction in its entirety against Defendants, The Individuals, Corporations, Limited Liability Companies, Partnerships and Unincorporated Associations Identified in Schedule A, which operate a fully interactive, e-commerce stores on TikTok Shop (collectively, the "Seller Aliases").

The Court finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including consumers in the State of Illinois. Specifically, PLAINTIFF has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including to the State of

1

Illinois, and has sold competing products through the unauthorized use and display of Plaintiff's Trademark (the "Plaintiff's Trademark") to residents of the State of Illinois. Docket No. 1-1, Ex. 1 to the Complaint, which includes Plaintiff's United States Trademark Registration Number 7824763 ("the QUEEN TAPE Mark"),

THIS COURT FURTHER FINDS that injunctive relief previously granted in the Temporary Restraining Order ("TRO") should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for Entry of a Temporary Restraining Order establishes that Plaintiff has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted. Specifically, Plaintiff has proved a prima facie case of copyright infringement because (1) Plaintiff is the lawful assignee of all right, title and interest in and to the federally registered trademark (2) Defendants make, use, offers for sale, sells, and/or imports into the United States for subsequent sale or uses counterfeit products that infringe directly and/or indirectly, through the unauthorized use of Plaintiff's federally registered trademarks and (3) an ordinary observer would be deceived into thinking the Counterfeit Products were the same as Plaintiff's federally registered trademark.

Furthermore, Defendants' continued, unauthorized use of Plaintiff's federally registered trademark irreparably harms Plaintiff through loss of customers' goodwill and reputational harm. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. As such, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily enjoined and restrained from:

   a. Using or displaying the Plaintiff's Trademark, in any medium, whether it be print, digital or otherwise, in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff's product or is not authorized by PLAINTIFF to be sold in connection with the Plaintiff's Trademark;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff's product or any other product produced by PLAINTIFF through the use or display of the Plaintiff's Trademark;

   c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of PLAINTIFF, or are sponsored by, approved by, or otherwise connected with PLAINTIFF;

   d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for PLAINTIFF, nor authorized by PLAINTIFF to be sold or offered for sale through the use or display of the Plaintiff's Trademark; and

   e. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

2. Upon PLAINTIFF's request, those with notice of this Order, including any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as Walmart Temu, eBay Inc., AliExpress, Alibaba, Amazon.com Inc., Wish.com, Dhgate and TikTok (collectively the "Third Party Providers"), shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Plaintiff's Trademark.

3. Any Third-Party Providers, including PayPal, Alipay, Alibaba, Ant Financial, Wish.com, Amazon Pay and TikTok Inc., shall, within seven (7) calendar days of receipt of this Order:

   a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, and any e-mail addresses provided for Defendants by third parties; and

   b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

4. Upon PLAINTIFF's request, those with notice of this Order, including the Third-Party Providers as defined in Paragraph 2, shall within ten (10) business days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Plaintiff's Trademark.

5. Defendants shall be restrained and enjoined from transferring or disposing of any

money or other assets of Defendant until further ordered by this Court.

6.     Plaintiff is authorized to issue expedited written discovery, pursuant to Federal Rules of Civil Procedure 33, 34, 36, and 45 related to:

   a.     the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

   b.     the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendant's financial accounts, including Defendant's sales and listing history related to their respective Online Marketplaces; and

   c.     any financial accounts owned or controlled by Defendant, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Payoneer, Temu.com, PayPal Inc. ("PayPal"), Alipay, ContextLogic Inc. d/b/a Wish.com ("Wish.com"), Alibaba Group Holding Ltd. ("Alibaba"), Ant Financial Services Group ("Ant Financial"), Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

7.     Plaintiff is authorized to issue any such expedited discovery requests via e-mail. Defendants shall respond to any such discovery requests within three (3) business days of being served via e-mail.

8. Plaintiff may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions by electronically publishing a link to the Complaint, this Order and other relevant documents on a website https://blointernetenforcement.com/, and by sending an e-mail to the e-mail addresses identified in Exhibits and any e-mail addresses provided for Defendants by third parties that includes a link to said website. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendant receives from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

9. Plaintiff has already deposited, to deposit with the Court five thousand dollars ($5,000.00), as a surety bond, as security, which amount was determined adequate for the payment of such damages as any person may be entitled to recover as a result of wrongful restraint hereunder.

10. Defendants, that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and Northern District of Illinois Local Rules.

11. This Preliminary Injunction is entered on October 20,2925 and shall remain in effect until Final Disposition of this case or until further order by the Court.

*Charles P. Kocoras*
Honorable Judge Charles P. Kocoras
United States District Judge